**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALDINE GANN, Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **JESSIE L. GANN, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 07 C 3252** |
| | ) | |
| **v.** | ) | **Magistrate Judge Morton Denlow** |
| **WILLIAM TIMBLIN TRANSIT,** | ) | |
| **INC., and WILLIAM TIMBLIN SR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Geraldine Gann, Personal Representative of the Estate of Jessie L. Gann, deceased ("Plaintiff"), filed a two count complaint against William Timblin Transit, Inc. ("Timblin Inc.") and William Timblin Sr. ("Timblin Sr.") (collectively, "Defendants"). In Count I, Plaintiff seeks to pierce the corporate veil in order to hold Timblin Sr. personally liable for a $9,362,580 wrongful death judgment awarded to Plaintiff against TTI, Inc. pursuant to a jury verdict. In Count II she alleges that Timblin Inc. is liable to Plaintiff for monetary damages under the Wisconsin Financial Responsibility Statute. Defendants moved to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6). Oral argument was held on November 6, 2007. For the reasons stated below, the motion to dismiss Counts I and II is denied.

## I.  BACKGROUND FACTS

## A.    Procedural History

A previous wrongful death lawsuit was filed with this Court by Plaintiff against Timblin Inc. and Dennis Oltesvig ("*Gann I*").  The complaint alleged that on January 9, 2006, TTI Inc.'s employee, Dennis Oltesvig, struck and killed Jesse Gann with his trailer, which was owned by Timblin Inc. and leased and operated by TTI, Inc.  Plaintiff later amended the complaint to add TTI, Inc. and Timblin Sr. as defendants.  The new pleadings added a Count III to the complaint, claiming that the corporate veils of both TTI Inc. and Timblin Inc. should be pierced and that Timblin Sr. should be held personally liable.  On December 1, 2006, pursuant to the parties stipulation, the Court voluntarily dismissed Count III without prejudice to its being refiled within one year.  During trial, the Court entered a directed verdict dismissing Timblin Inc. as a defendant.  On March 28, 2007, a jury reached a verdict against Dennis Oltesvig and TTI Inc., awarding $9,362,580 in damages to the Estate of Jesse Gann.

On April 9, 2007, Plaintiff filed a motion in *Gann I* for leave to file a third amended complaint, reinstating Count III, the veil-piercing claim against Timblin Sr., and adding Count IV, a claim against Timblin Inc. under the Wisconsin Financial Responsibility Statute.  On May 23, 2007, this Court denied Plaintiff's motion "without prejudice to Plaintiff pursuing these claims either by means of a separate law suit or as post judgment claims." 5/23/07 Doc. 134.[1]

---

[1]Defendants incorrectly state in their motion to dismiss that "[p]laintiff was []granted leave of court to amend the complaint, wherein Count III was reinstated.

## B.    Relationship Between the Parties

The following is a summary of the facts alleged in the *Gann II* complaint.  For the purposes of a Rule 12(b)(6) motion, the Court accepts as true all well-plead factual allegations, and construes them in the light most favorable to the Plaintiff.  *Christensen v. County of Boone, IL,* 483 F.3d 454, 457 (7th Cir. 2007).

Timblin Sr. is the founder of both TTI, Inc. and Timblin Inc.  Comp. ¶ I.6-7.  He created TTI, Inc. as an entity to operate a trucking business, wherein TTI, Inc. would employ drivers, but not own vehicles.  Comp. ¶ I.6.  He created Timblin Inc. as an entity to own trucks, trailers and vans, and to lease them exclusively to TTI, Inc.  Comp. ¶ I.7.  Timblin Inc. is a Wisconsin corporation with its principal place of business in Wisconsin.  Comp. ¶ II.2.  The officers of Timblin Inc. and TTI, Inc. are the same family members of Timblin Sr.  Comp. ¶ I.8.  TTI, Inc. has no board of directors, has not issued stock or dividends, and has had no board of directors meetings.  Comp. ¶ I.9-I.10.  TTI, Inc. is underfunded, undercapitalized and does not observe corporate formalities.  Comp. ¶ I.11. TTI Inc. has "failed to maintain arm's-length relationships among related entities, and is a mere facade for the business activities of" Timblin Sr. Comp. ¶ I.12.

On January 9, 2006, Timblin Inc. owned the tractor and trailer that struck Jesse Gann. Comp. ¶ II.4, II.6. Timblin Inc. leased them to TTI, Inc. for use, in part, in picking up a

Defendants filed a motion to strike the new pleadings which was subsequently granted by this Court on April 10, 2007." In fact, this Court denied Plaintiff's motion for leave to file third complaint on May 23, 2007, and granted defendants' motion to strike Plaintiff's motion for leave to file third complaint also on May 23, 2007.

shipment of steel products from Pacesetter Steel in Sauk Village, Illinois. Comp. ¶ II.4. The lease agreement between Timblin Inc. and TTI, Inc. was created in Wisconsin. Comp. ¶ II.5. Representatives of TTI, Inc. and Dennis Oltesvig have informed Plaintiff that they will be unable to satisfy the $9,362,580 judgment against them. Comp. ¶ II.10.

Defendants now move to dismiss both counts of Plaintiff's complaint ("*Gann II"*) for failure to state a claim for which relief may be granted. Defendants also assert that Plaintiff's claims against Timblin Sr. and Timblin Inc. are precluded under the doctrine of claim preclusion.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *EEOC* v. *Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC,* 496 F.3d at 776 (quoting *Bell Atlantic Corp v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). The complaint must plausibly suggest that the plaintiff has a right to relief "by providing allegations that 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic,* 127 S. Ct. at 1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court." *Id.*

## III. COUNTS I & II: CLAIM PRECLUSION

Pursuant to Rule 12(b)(6), Defendants have moved to dismiss Plaintiff's complaint

for failure to state a claim upon which relief may be granted. Specifically, Defendants assert that Counts I and II are barred by the doctrines of claim preclusion and merger.[2]

## A.     Asserting the Claim Preclusion Defense Under Rule 12(b)(6) Motion to Dismiss

As stated above, to survive a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1974*; Waivio v. Board of Trustees University of Illinois at Chicago,* 2007 Wl 3087197 (N.D. Ill. 2007). Parties need not anticipate or address potential defenses in their complaints. *U.S. Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 625 (7th Cir. 2003). Claim preclusion, also known as res judicata[3], is an affirmative defense, and thus Plaintiff does not need to anticipate or plead around this defense. *Waivio,* 2007 WL 3087197; *U.S. Gypsum Co.,* 350

---

[2]"Merger," in the context of claim preclusion, "expresses the idea that, when a plaintiff prevails in a lawsuit arising from a particular transaction, all of the claims that the plaintiff did raise or could have raised merge into the judgment in her favor." *Waid v. Merrill Area Public Schools,* 91 F.3d 857, 863 (7th Cir. 1996).

[3]The United States Supreme Court, and several states, including Wisconsin, use the term "claim preclusion" in place of "res judicata." *See Northern States Power Co. v. Bugher,* 525 N.W.2d 723, 727 (Wis. 1995) ("Several courts, in an effort "[t]o reduce the confusion that resulted from the interchangeable use of these terms, . . . have refined the nomenclature used in the preclusion doctrine. The United States Supreme Court and the [Restatement (Second) of Judgments] use the terms 'claim preclusion' and 'issue preclusion in lieu of res judicata and collateral estoppel respectively.'" We join in this trend and adopt the terms 'claim preclusion' and 'issue preclusion.' The term claim preclusion replaces res judicata; the term issue preclusion replaces collateral estoppel." (citations ommitted)). Illinois has also acknowledged this distinction, although continues to use both "res judicata" and "claim preclusion" interchangeably. *Hayes v. State Teacher Certification Board,* 835 N.E.2d 146, 154 (Ill. App. Ct. 2005). In light of the recent trend, and the fact that the federal and Illinois claim preclusion rules are virtually identical, the Court will also use the term "claim preclusion" in place of "res judicata."

F.3d at *626.*

Technically, as a defense, claim preclusion cannot be raised until a motion for judgment on the pleadings under Rule 12(c). *Forty One News, Inc., v. County of Lake,* 491 F.3d 662, 664 (7th Cir. 2007). However, "when a defendant raises [claim preclusion] as an affirmative defense and it is clear from the complaint's face and matters of which the district court can take judicial notice, that plaintiff's claims fail as a matter of law, then dismissal under Rule 12(b)(6) is appropriate." *Local 25 S.E.I.U. Welfare Fund, et al. v. Great Lakes Maintenance and Security Corp.,* 55 Fed. Appx. 373, 374 n.1 (7th Cir. 2002) (unpublished opinion); *See Brown v. Chrysler Financial Services,* 218 Fed. Appx. 536 (7th Cir. 2007) (unpublished opinion) (affirming district court's dismissal of a complaint under Rule 12(b)(6) based on it being barred by claim preclusion).

**B.      Illinois law determines the claim-preclusive effect of *Gann I.***

Under the *Erie Doctrine,* a federal court sitting in diversity applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996); *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Ritchie v. Glidden Co., ICI,* 242 F.3d 713, 720 (7th Cir. 2001). Where a dispute exists over whether a lawsuit is precluded by a previous lawsuit filed in federal court, the federal rules of claim preclusion apply. *Rymer Foods, Inc. v. Morey Fish,* 116 F.3d 1482, *4 (7th Cir. 1997 (unpublished opinion)*; See Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). Under *Semtek,* when assessing the claim-preclusive effect of a dismissal by a federal court sitting in diversity, the federal rules require a court to apply the law of the state in which the federal diversity court

sits, unless "the state law is incompatible with federal interests." *Semtek,* 531 U.S. at 508-09; *See 520 S. Michigan Ave. Assoc. Ltd. v. Devine,* 433 F.3d 961, 964 (7th Cir. 2006) (citing *Semtek* to find that a previous suit was "a federal judgment under federal substantive law, so its preclusive effect is determined by federal rules"); *Extra Equipamentos E Exportacao Ltda v. Case Corp.,* 361 F.3d 359, 363 (7th Cir. 2004) (citing *Semtek* to state that "under federal law Illinois' [sic] law of collateral estoppel would determine the preclusive effect of a federal judgement rendered in a diversity case governed by Illinois substantive law).

Although *Semtek* involved a state court determining the preclusive effect of a federal decision, this rule would likewise apply to a federal court determining the effect of a previous decision also in federal court. *See NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.,* 262 F. Supp. 2d 134, 143 (S.D.N.Y. 2003) ("Although *Semtek* involved a state court determining the preclusive effect of a federal decision in a diversity case, the rule announced in *Semtek* applies to the situation . . . where the preclusive effect of a federal decision in a diversity case is being litigated in federal court. This is true because the rule announced by the Supreme Court was a rule of federal law adopting state law which would be applied in any court where the preclusive effect of the federal judgment in a diversity case is sought to be litigated."). Moreover*,* the Supreme Court's ruling in *Semtek* applied to the claim-preclusive effect of dismissals, and did not clarify whether this rule applies also to the claim-preclusive effect of other judgments rendered in federal courts sitting in diversity. Seeing that a dismissal and a judgment following a jury trial both constitute a final judgment on the merits, this Court applies *Semtek* to the claim preclusive effect of the judgment in *Gann I.*

*See Careccia v. Macrae,* 2005 WL 1711156 (E.D.N.Y. 2005) (applying New York law to determine the preclusive effect of a judgment following a bench trial of a federal court sitting in diversity); *NAS Electronics,* 262 F.Supp.2d at 138, 143 (applying New York law to determine the preclusive effect of a judgment of a federal court sitting in diversity entered pursuant to a settlement agreement, and citing *Semtek* to state that "when a federal court sitting in diversity applies state substantive law as the rule of decision in a case, the preclusive effect of any decision by the federal court in that case is to be determined by the state preclusion law of the state in which the district court sits"). Thus, because federal law governing claim preclusion is the same as that of Illinois law and thus presents no conflicting interests, Illinois law will govern the issue of whether Plaintiff's complaint is precluded by *Gann I.*

Claim preclusion bars "parties or their privies from relitigating issues that were or could have been raised in" an action that has concluded with a final judgment on the merits. *Highway J Citizens Group & Waukesha County Envtl. Action League v. U.S. Dept. Of Transp.,* 456 F.3d 734, 741 (7th Cir. 2006); *See People ex rel. Burris v. Progressive Land Developers, Inc. et al.,* 602 N.E.2d 820, 824-25 (Ill. 1992); *see Miner v. Fashion Enterprises, Inc.,* 794 N.E.2d 902, 911 (Ill. App. Ct. 2003). Under the claim preclusion doctrine, a claim is precluded if there is "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J.,* 456 F.3d at 741*; Burris,* 602 N.E.2d at 825; *Miner,* 794 N.E.2d at 911. If all three requirements are met, then the prior action is conclusive as to all issues that were raised in that action, as well as to all

those that might have been properly raised in that action. *Highway J,* 456 F.3d at 741; *Burris,* 602 N.E.2d at 825; *Miner,* 794 N.E.2d at 911. When a party voluntarily dismisses a claim or lawsuit without prejudice, however, that party may reinstate the claim without being barred by the claim preclusion doctrine. *Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1016 (7th Cir. 2002). Based on these requirements, the Court finds Plaintiff's complaint is not barred by claim preclusion.

C.    **Count I is not barred by claim preclusion.**

    **1. The Plaintiff's voluntary dismissal does not preclude Plaintiff from re-instating her claim.**

As stated above, when a party voluntarily dismisses a claim or lawsuit without prejudice, that party may reinstate the claim without being barred by claim preclusion. *Marques,* 286 F.3d at 1016. Defendants argue that a voluntary dismissal without prejudice does not bar a defendant from asserting defenses it may have against Plaintiff, including the defense of claim preclusion. At oral argument, Defendants relied on *Zuniga v. Dwyer,* 752 N.E.2d 491 (Ill. App. Ct. 2001) to support this argument. The court in *Zuniga* held that although a plaintiff voluntarily dismissed her loss of consortium claim without prejudice, upon her refiling that claim, the defendant could raise the defense that the plaintiff's claim was now barred by the mandatory joinder rule and the claim preclusion doctrine. *Zuniga,* 752 N.E.2d at 513-14. However, the court's analysis focused on the particular mandatory joinder rules for loss of consortium cases, requiring a plaintiff to join her loss of consortium claim with the underlying action. *Id.* at 511. The Court is aware of no such rule for veil-

piercing claims.

Moreover, the case upon which the *Zuniga* court relies for this proposition is *Rein v. David A. Noyes & Co.,* 665 N.E.2d 1199 (Ill. 1996). The *Rein* court found that the plaintiff's common law claims, which were voluntarily dismissed without prejudice in an earlier trial, were now barred by the claim preclusion doctrine. Although the court did not explicitly confine its ruling to cases involving claim-splitting, the context in which it found that the plaintiff was precluded from later filing his claims was that it was doing so for the purpose of splitting his claim in order to appeal an earlier ruling. *Id* at 1205-09; *See Piagentini v. Ford Motor Co.,* 852 N.E.2d 356, 361-63 (Ill. App. Ct. 2006) (distinguishing *Rein* because it "devoted much of its analysis to the rule against claim-splitting and relied upon the rule in support of its decision."). The court also found an identity of cause of action existed between the reinstated claims and the previous case. *Id.* at 1206. Moreover, the court considered in its analysis that the "defendants did not stipulate or agree to plaintiffs' refiling of the common law counts." *Rein,* 665 N.E.2d at 1207.

In contrast, Defendants in this case did stipulate to the voluntary dismissal of Plaintiff's claim without prejudice to refile within one year. Furthermore, Plaintiff was not attempting to "split her causes of action" as the plaintiff did in *Rein. See Piagentini,* 852 N.E.2d at 361-362 (declining to extend *Rein* to the facts of the instant case which was "totally free of claim-splitting"). And unlike *Rein,* the Court finds no identity of the cause of action exists in this case, and thus the requirements for claim preclusion are not met. *See infra* III.C.2.

**2. Plaintiff's claim does not meet the necessary requirements to apply the claim preclusion doctrine.**

Count I of Plaintiff's complaint presents a different cause of action than in *Gann I*, and was not resolved on the merits in *Gann I*. Thus, although the identity of the parties is likely the same, Count I is not barred by claim preclusion.

The first requirement for claim preclusion, that an identity of parties exist between the two claims, is present in this case. Although Timblin Sr. was not a named defendant in *Gann I*, the company he founded and was president and a controlling shareholder of TTI, Inc., was a party. Under Illinois law, "where a person owns most or all shares in a corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest to be considered in privity with the corporation." *Drexel*, 1989 WL 152988. In addition, the Seventh Circuit has found that a corporation is in privity with its sole shareholder and with its president. *Martino v. McDonald's System, Inc.,* 598 F.2d 1079, 1083 n.7 (7th Cir. 1979); *Rymer Foods, Inc. v. Morey Fish Co.,* 116 F.3d 1482, *6 (7th Cir. 1997). Thus, the Court finds that as corporate president and controlling shareholder of TTI, Inc., Timblin Sr. was in privity with the defendants named in *Gann I*.

The Court does not find, however, that the present cause of action is the same as the cause of action in *Gann I*. A claim is the same as, or has identity with, "a previously litigated matter if it emerges from the same core of operative facts as that earlier action." *Highway J,* 456 F.3d at 741. In determining whether claims are identical, the court must focus on the facts surrounding the claims and the harm suffered by the plaintiff. *Drexel,* 1989 WL 152988. Where the same facts are "essential for the maintenance of both proceedings or the

same evidence is needed to sustain them both, then there is identity between the allegedly different causes of action asserted." *Rein,* 665 N.E.2d at 1206.

Both *Gann I* and *Gann II* derive from the same incident: the trucking accident that caused Jesse Gann's death. However, the purposes of each suit and the facts necessary to prove each claim differ.

The purpose of Plaintiff's veil-piercing claim is to seek payment on the judgment in *Gann I* by holding Timblin Sr. personally liable for TTI, Inc.'s debt. Courts have found that veil-piercing claims are distinct causes of action when a plaintiff brings the claim as an action seeking to hold a defendant liable for the judgment against the judgment-debtor. For example, an Illinois court, citing several previous Illinois court decisions, found that because a judgment is a new and distinct obligation of the defendant corporation, "a judgment creditor may choose to file a new action to pierce the corporate veil of a judgment debtor in order to hold individual shareholders and directors liable for" that judgment. *Miner,* 794 N.E.2d at 912. In another case, an Illinois court found that claim preclusion did not bar a judgment creditor from pursuing a claim against the estate of the sole shareholder of a corporation seeking to enforce a judgment against the corporation pursuant to a veil-piercing theory. *In re Estate of Roy K. Wallen,* 633 N.E.2d 1350 (Ill. App. Ct. 1994).

Similarly, a federal court applying Illinois law found a plaintiff's veil-piercing claim, if brought as an action on a judgment, was a distinct cause of action, and was not precluded by the previous claim. *Drexel,* 1989 WL 152988. However, this court found the same plaintiff's claim would be barred by claim preclusion if the cause of action was simply based

on the underlying merits of the previous action. *Drexel,* 1989 WL 152988. Without the plaintiff asserting a specific action for a debt, the court found Plaintiff's new action would otherwise be "based on the same facts and injury which gave rise to the judgment in the previous action." *Drexel,* 1989 WL 152988. Moreover, a federal court in Wisconsin applying Wisconsin law to a claim preclusion defense found that without an underlying claim of fraud, a plaintiff's veil-piercing claim could not go forward, as "there must be some underlying claim to impose liability on an alter ego claim." *Orlando Residence Ltd. v. Credit Co.,* 2007 WL 2903240 (E.D. Wis. 2007).

In this case, although Plaintiff does not clearly state in her complaint that this claim is an action seeking to enforce the judgment against TTI, Inc., the Court finds that it is such an action. Paragraph 14 of Plaintiff's complaint states that "the corporate veil of TTI, Inc. should be pierced and Timblin Sr. should be liable for the judgment against TTI, Inc. on 3-28-07." Comp. ¶ 14. Also, unlike Plaintiff's negligence claim against TTI, Inc. in *Gann I,* the complaint does not allege facts surrounding that claim, but rather consists of separate facts surrounding Plaintiff's veil-piercing claim. Thus, looking at the complaint in its entirety, the Court finds Plaintiff's veil-piercing claim is a distinct cause of action requesting the court to impose liability on Timblin Sr. for the judgment against TTI, Inc.

A claim seeking to pierce the corporate veil is governed by the law of the state of incorporation. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, et al.,* 476 F.Supp.2d 913, 931 (N.D. Ill. 2007); *Taurus IP v. Daimler Chrysler Corp.,* --- F.Supp.2d ---, 2007 WL 3023615 (W.D. Wis. 2007). Because Timblin Inc. was incorporated in Wisconsin,

Wisconsin law governs this claim.[4]

Accordingly, the facts necessary to litigate the veil-piercing claim include inadequate capitalization, disregard for corporate formalities, and the extent of control that Timblin Sr. had over TTI, Inc., both generally and with respect to this incident. *See Consumer's Co-Op of Walworth County v. Olsen,* 419 N.W.2d 211, 217 (Wis. 1988). In contrast, the purpose of Plaintiff's complaint in *Gann I* was to seek relief for the death of Jesse Gann caused by the defendant's negligence. The facts necessary to litigate that matter consisted of the facts necessary to prove the elements of negligence. Although the facts needed to prove *Gann I* center around the trucking accident, the facts needed to prove *Gann II* center around the relationship between Timblin Sr. and TTI, Inc. Thus, the core facts necessary to prove *Gann II* are completely different. The Court will only assess whether the elements exist to allow

---

[4]Wisconsin courts apply the "alter ego" doctrine, requiring that the following three elements be present in order to pierce the corporate veil:

> 1. Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> 2. Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> 3. The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Consumer's Co-Op of Walworth County v. Olsen,* 419 N.W.2d 211, 217-18 (Wis. 1988); *See Taurus IP,* 2007 WL 30123615 (applying the alter ego doctrine from *Consumers,* and stating that "a corporate veil may be pierced only if 'applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim.'" (quoting *Posyniak v. School Sisters of St. Francis,* 511 N.W.2d 300, 308 (Ct. App. 1993)). Both inadequate capitalization and disregard of corporate formalities are significant factors in determining whether the corporate veil should be pierced. *Consumer's Co-Op,* 419 N.W.2d at 217.

the corporation's veil to be pierced to hold Timblin Sr. accountable to the debt of TTI, Inc. *See In re Estate of Roy K. Wallen,* 633 N.E.2d at 1358 (finding a veil piercing claim was not barred by claim preclusion, as it did "not appear from the record that decedent was ever sued individually or was ever called upon to defend against the issue of piercing the corporate veil").

Finally, although *Gann I* did result in a final judgment on the merits, the Court did not resolve Plaintiff's veil-piercing claim on the merits. In *Gann I*, the Court granted Plaintiff's voluntary dismissal of her veil-piercing claim without prejudice, and thus did not reach a final judgment on the merits. *See Rein,* 665 N.E.2d at 1205 (stating that a voluntary dismissal without prejudice was "not an adjudication on the merits"). After trial, the Court denied Plaintiff's motion to amend her complaint to add the veil-piercing claim, but the Court did so again without prejudice, explicitly stating that it was not resolving this claim on the merits. Although *Gann I* did indeed result in a final judgment on the merits, because the Court finds that *Gann I* and the veil piercing claim in *Gann II* present two different causes of actions, the final judgment in *Gann I* does not affect *Gann II*.

Defendants argue that this claim could have been brought in *Gann I*. In fact, Plaintiff did raise this claim in *Gann I*, and then voluntary dismissed the action without prejudice to reinstate the claim within one year. Plaintiff even attempted to add the claim a second time after the trial in *Gann I*, but the motion was denied without prejudice to reinstate or refile the claim. However, just because Plaintiff could have brought this claim with *Gann I*, she was not required to do so. Plaintiff is only required to bring this action with *Gann I* if all of the

requirements for claim preclusion have been met. Because the Court finds that Plaintiff's veil-piercing claim is not barred by claim preclusion, Plaintiff was not required to bring the claim with *Gann I*.

**D.      Count II is also not barred by claim preclusion.**

The Court also finds that Count II does not meet the requirements for claim preclusion. Timblin Inc. was a named defendant in *Gann I* until March 29, 2007 when the Court entered a directed verdict dismissing Timblin Inc. from the case. However, the negligence action against Timblin Inc. in *Gann I* is different than the statutory claim against Timblin Inc. in *Gann II*. Although both causes of action stem from the same trucking accident, the purpose of each cause of action and the facts necessary to prove each action are different. In *Gann II*, Plaintiff must prove that Timblin Inc. did not comply with the Wisconsin Financial Responsiblity Statute ("Statute") and is thus liable to Plaintiff for the amount set forth in the Statute, or alternatively, if Timblin Inc. did comply, that it is still liable under the Statute. In no way does this cause of action require the court to hear any facts surrounding the alleged negligence of Timblin Inc. with regard to the trucking accident, nor does it require the court to hear facts surrounding the agency relationship between Timblin Inc. and the other defendants. Instead, the facts of this claim derive from the creation (or non-creation) of an insurance policy in accordance with the Statute. Thus, this cause of action is not the same as that brought against Timblin Inc. in *Gann II*.

Finally, although the court did reach a final judgment on the merits in *Gann I*, it did not do so on this claim. In fact, when denying Plaintiff's motion for leave to amend the

complaint to add this claim, the Court explicitly stated that it was not resolving the claim on its merits. The Court in *Gann I* never resolved on the merits the issue of whether Timblin Inc. was liable under the Statute. Thus, because the Court finds no identity exists between these causes of action, the final judgment in *Gann I* does not affect the statutory claim in *Gann II*.

Defendants again argue that Plaintiff could have brought this claim in *Gann I*. Although Plaintiff asserts that she could not bring the claim until she discovered that TTI, Inc. could not pay the full judgment against it, the Statute does not appear to require Plaintiff to make such a finding before bringing a claim under the Statute. *See Germanotta v. National Indemnity Co.,* 349 N.W.2d 733, 735 (Wis. App. 1984) (the plaintiff filed suit against all potential liable parties, including those possibly liable under the Statute). Still, although Plaintiff could have brought the claim during *Gann I*, because the claims are not identical, the Plaintiff is not barred from bringing it now.

## IV. COUNT II: WISCONSIN FINANCIAL RESPONSIBILITY STATUTE

Defendants also argue that Count II of Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. In Count II of her complaint, Plaintiff asserts that Timblin Inc. is liable to Plaintiff under the Wisconsin Financial Responsibility Statute.

Wis. Stat. Ann. 344.51 states:

(1m) No lessor or rental company may for compensation rent or lease any motor vehicle unless there is filed with the department on a form prescribed by the department a certificate for a good and sufficient bond or policy of insurance issued by an insurer authorized to do an automobile liability

insurance or surety business in this state. The certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle in the amounts set forth in s. 344.01(2)(d).

(2) Any lessor or rental company failing to comply with this section is directly liable for damages caused by the negligence of the person operating such rented or leased vehicle, but such liability may not exceed the limits set forth in s. 344.01(2)(d) with respect to the acceptable limits of liability when furnishing proof of financial responsibility.

Wis. Ann. Stat. 344.51(1m)&(2).

Wis. Stat. Ann. 344.01(2)(d) provides:

'Proof of financial responsibility' or 'proof of financial responsibility for the future' means proof of the ability to respond in damages for liability on account of accidents occurring subsequent to the effective date of such proof, arising out of the maintenance or use of a motor vehicle in the amount of $25,000 because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, in the amount of $50,000 because of bodily injury to or death of 2 or more persons in any one accident and in the amount of $10,000 because of injury to or destruction of property of others in any one accident.

Wis. Stat. Ann. 344.01 (2)(d).

Under the Statute, Lessor is defined as "a person who, for compensation, leases a motor vehicle to a lessee to be operated by or with the consent of the lessee or who acquires a contract for the leasing of a motor vehicle from another person." Timblin Inc. does not dispute that it is bound by the Statute. Rather, it asserts that Plaintiff has asserted no facts alleging any violation of the Statute, and that Timblin Inc. has in fact complied with the Statute. Defendants also assert that Plaintiff is aware that Timblin Inc. had an insurance policy on file of $1,000,000 in coverage for this incident. Plaintiff, however, asserts that she has been unable to obtain verification from the state as to whether there is in fact a policy on

file as required by the Statute. If such a policy is not on file, Plaintiff asserts that Timblin Inc. is liable to her for $25,000, the maximum amount allowed under the Statute when a lessor does not have a filed policy. Alternatively, if Timblin Inc. does have a proper policy on file, Plaintiff seeks judgment against Timblin Inc. for the amount of that policy.[5]

Plaintiff has alleged enough facts in her complaint to state a plausible claim for relief. Although Plaintiff fails to include all of the relevant portions of the Statute in her complaint, she alleges that Timblin Inc. is bound by the Statute, and that the Statute applies to the incident. Timblin Inc. does not dispute either of these issues. The only issues that appear to be in dispute are whether Timblin Inc. violated the Statute and whether, under the Statute, Timblin Inc. is liable to Plaintiff. Although Defendant argues otherwise, Plaintiff alleges she does not know whether Timblin Inc. has a policy on file as required by the Statute. Although this factual issue may be resolved during discovery, the parties have yet to reach that stage of the proceedings. At the motion to dismiss stage, the Court must view the facts in the light most favorable to the plaintiff. Because Plaintiff is not aware that Timblin Inc. has a policy in compliance with the Statute, and Timblin Inc. has not presented the Court with any evidence to the contrary, the Court finds Plaintiff has stated a plausible claim sufficient to survive this stage of the proceeding. *See Boatright v. Spiewak,* 570 N.W.2d 897 (Wis. App. 1997); *American Family Mutual Ins. v. Reciprocal Ins. Service,* 330 N.W.2d 223 (Wis. App.

---

[5]At oral argument, Plaintiff acknowledged that some dispute in the law exists over whether the Statute ever imposes unlimited liability upon a lessor, citing *Richardson v. Chapman,* 676 N.E.2d 621 (Ill. 1997) for support. Because the Court does not yet know whether Defendants had a proper policy under the Statute, a determination of the extent of liability on the lessor under the Statute would be premature.

1983) (stating that the Statute made lessors liable to persons harmed by the negligence of a lessee if the lessee was not able to pay the damages). Thus, the Court denies Defendants' motion to dismiss Count II for failure to state a claim.

## V. CONCLUSION

The purpose of claim preclusion is "to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Northern States Power Co.,* 525 N.W.2d 723, 727 (Wis. 1995) (quoting *Purter v. Heckler,* 771 F.2d 682, 689-90 (3rd Cir. 1985)). It is based on principles of fairness and judicial efficiency. *Northern States,* 525 N.W.2d at 727. The claims raised in Counts I and II of Plaintiff's complaint are not repetitive, and do raise issues that have yet to be resolved on the merits. Plaintiff attempted in good faith to promote judicial efficiency by voluntarily dismissing her

veil-piercing claim in *Gann I*, to which Defendants agreed.   When Plaintiff unsuccessfully attempted to reinstate this claim after trial, along with the statutory claim, the Court clearly stated that its ruling did not resolve those new claims on the merits.   The Court allows Plaintiff to now proceed with these claims.   For the reasons set forth in this opinion, **Defendants' motion to dismiss Counts I and II of Plaintiff's complaint is denied. Defendants shall file their answer on or before December 18, 2007.**

**SO ORDERED THIS 20th DAY OF NOVEMBER, 2007.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Bruce Robert Pfaff
Michael Thomas Gill
Pfaff & Gill Ltd.
One East Wacker Drive
Suite 3310
Chicago, IL 60601

Counsel for Plaintiff

John William Patton, Jr.
Patton & Ryan, LLC
330 North Wabash Ave.
#2900
Chicago, IL 60611

Counsel for Defendants